David CRAMER, Plaintiff-Appellant,

v.

CITY OF AUBURN; et al.,
Defendants-Appellees.

No. 16-15234

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2017 *

Filed April 24, 2017

David Cramer, Pro Se

Sean D. O'Dowd, Esquire, Attorney, An-
gelo, Kilday & Kilduff, Sacramento, CA,
for Defendant-Appellee

Before: GOULD, CLIFTON, and
HURWITZ, Circuit Judges.

MEMORANDUM **

David Cramer appeals pro se from the
district court's judgment dismissing his 42
U.S.C. § 1983 action alleging federal and
state law claims in connection with his
arrest and prosecution for battery. We
have jurisdiction under 28 U.S.C. § 1291.
We review de novo a dismissal under *Heck
v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364,
129 L.Ed.2d 383 (1994). *Whitaker v. Gar-
cetti*, 486 F.3d 572, 579 (9th Cir. 2007). We
affirm.

---

\* The panel unanimously concludes this case is
 suitable for decision without oral argument.
 *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed
Cramer's claims alleging false arrest and
imprisonment as *Heck*-barred because suc-
cess on Cramer's claims would necessarily
imply the invalidity of his conviction, and
Cramer failed to show that his conviction
had been invalidated. *See Heck*, 512 U.S. at
486-87, 114 S.Ct. 2364 (if "a judgment in
favor of the plaintiff would necessarily im-
ply the invalidity of his conviction or sen-
tence ... the complaint must be dismissed
unless the plaintiff can demonstrate that
the conviction or sentence has already
been invalidated"); *see also Cabrera v. City
of Huntington Park*, 159 F.3d 374, 380
(9th Cir. 1998) (holding that *Heck* barred
false arrest and false imprisonment claims
under § 1983 until conviction was invali-
dated).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publi-
 cation and is not precedent except as provid-
 ed by Ninth Circuit Rule 36-3.

